FIDELITY-PHILADELPHIA TRUST CO., EXECUTOR, ESTATE OF JOHN W. STELWAGON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28469.    Promulgated October 14, 1929.

*Jesse I. Miller, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The fundamental question for solution in this proceeding is whether or not the decedent transferred a material part of his property by an irrevocable deed of trust in contemplation of death within the intendment of section 302(c) of the Revenue Act of 1924.

Section 302 of the Revenue Act of 1924 provides that the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated.

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death * * *.

There is no contention on the part of the respondent that the trust deed in question was intended to take effect in possession or enjoyment after the death of the settlor. The transfer of the property was, however, in the nature of a final disposition or distribution thereof. Under the terms of the quoted section of the statute the

transfer, having been made within two years prior to the death of the decedent, is to be deemed to have been made in contemplation of death, unless the contrary is shown. This presumption shifts the burden of proof to the taxpayer, but rigorous rules as to the proof required to rebut the presumption are not to be applied. *Myer* v. *United States*, 60 Ct. Cls. 474; *Anna L. Stark Lavelle, Executrix*, 8 B. T. A. 1150, 1156. If the preponderance of the evidence leads to the conclusion that a present apprehension that death was near at hand was not the animating and inducing cause of the transfer, then the presumption is rebutted and the value of the corpus of the estate should not be included in the gross estate. *Phillip C. Starck, Executor*, 3 B. T. A. 514; *Spencer Borden, Executor*, 6 B. T. A. 255; *Anna L. Stark Lavelle, Executrix, supra; Rea* v. *Heiner*, 6 Fed. (2d) 389.

In the present proceeding, the decedent was about 61 years of age when he made the transfer in question. He was suffering from a disease which ultimately might cause his death. As a matter of fact this disease was the inducing cause of the cerebral hemorrhage which resulted in decedent's death. The respondent maintains that because of the existence and character of the disease and because two days after the execution of the trust deed the decedent executed his will, therefore, it must be concluded that the transfer of property in question was, as a matter of fact, made in contemplation of death. The facts show, however, that at the time the trust deed was executed the decedent's physical condition was not markedly different from what it had been during the six years prior to the execution of the trust deed and that at that time the decedent was contemplating a trip to Germany. It may be inferred properly, therefore, that the execution of the will was merely the act of a prudent man who was putting his house in order before going abroad.

The decedent had been told by his physicians that notwithstanding the fact that he had arteriosclerosis he would live many years if he took proper care of himself and did not become excited. He was a nervous, excitable man who was easily annoyed. It would be natural and prudent for him, therefore, to endeavor to rid himself of all possible causes of annoyance and excitement. Since his first attack in 1917 he had never expressed nor exhibited any fear that death was at hand. On the contrary, the evidence shows that he was looking forward into the future with the expectation of a continuance of life. He had a will to recover his health so that he could go to China and he actually planned and made a trip to Germany contemporaneously with the transfer in question.

In our opinion the facts show that the decedent executed the trust deed as a means of promoting the recovery of his health, rather than because of any present apprehension that his death was immediately

imminent. We therefore reach the conclusion that the petitioner has rebutted the presumption that the irrevocable deed of trust was executed and delivered in contemplation of death.

*Decision will be entered under Rule 50.*